## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBE COTYARN PVT. LTD. <br><br> Plaintiff, <br><br> v. <br><br> AAVN, INC., and NEXT CREATIONS HOLDINGS LLC, <br><br> Defendants. | Civil Action No. 1:18-cv-04208 <br><br><br> Jury Trial Demanded |

## **AMENDED COMPLAINT**

Plaintiff Globe Cotyarn Pvt. Ltd. ("GLOBE"), by its undersigned counsel, brings this Complaint seeking injunctive relief and damages against Defendants AAVN, Inc. (AAVN) and  Next Creations Holdings LLC ("NEXT"), and in support thereof, says as follows:

1.    This is a civil action for false advertising under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a) (1)(B), for tortious interference with business relationships, for deceptive acts and practices in violation of Section 349 of New York Consumer Protection Act, General Business Law §349, and for common-law unfair competition.  GLOBE seeks permanent injunctive relief and damages for lost sales as well as a determination that Defendants' conduct constitutes deliberate, willful, and bad-faith conduct such that this should be declared an exceptional case under 15 U.S.C. § 1117(a).

## PARTIES

2.     GLOBE is a company organized and existing under the laws of the Republic of India, having an office located at Gala No-6 Sanjay Building No-71st Floor, Mittal Industrial Estate, Sakinaka Andheri Kurla, Andheri (E) Mumbai 400 059 Maharashtra INDIA.   GLOBE does not have a place of business in the United States.

3.     GLOBE is a manufacturer of textile products, including bed sheets. GLOBE sells bed sheets to customers who import them into the United States and resell them to retailers.

4.     AAVN is a corporation organized and existing under the laws of the State of Texas and having a principal place of business located at 1401 North Central Expressway, Suite 370, Richardson, Texas 75080.

5.     NEXT is a wholly-owned subsidiary of AAVN having a place of business at 105 Madison Avenue, New York, New York 10016.

6.     AAVN is the owner of United States Patent No. 9,131,790 B2 for Proliferated Thread Count of a Woven Textile By Simultaneous Insertion Within a Single Pick Insertion Event of a Loom Apparatus Multiple Adjacent Parallel Yarns Drawn From a Multi-Pick Yarn Package.   This patent issued on September 15, 2015 to Arun Agarwal who assigned the patent to AAVN.   That assignment was recorded on May 20, 2014, in the United States Patent and Trademark Office at

reel/frame 023927/0583.

7.     The application from which United States Patent No. 9,131,790 B2 issued was published on February 19, 2015, under publication number US 2015/0047736 A1.

8.     AAVN is also the owner of United States Patent No. 9,481,950 B2 that was filed on April 12, 2016, and issued on November 1, 2016.  This patent issued from an application that is a continuation-in-part of patent application Ser. No. 14/801,859, which is a continuation of application Ser. No. 14/185,942, that issued as United States Patent No. 9,131,790 B2.

9.     Arun Agarwal, the named inventor of United States Patent No. 9,481,950 B2, assigned his rights in this patent to AAVN in an assignment executed on March 15, 2018, that was recorded on April 5, 2018, in the United States Patent and Trademark Office at reel/frame 05440/0485.

10.     AAVN is also the owner of United States Patent No. 9,493,892 B1 that was filed on March 3, 2016 and issued on November 15, 2016.  This patent issued from an application that is a continuation-in-part of patent application Ser. No. 14/801,859, which is a continuation of application Ser. No. 14/185,942, that issued as United States Patent No. 9,131,790 B2.

11.     Arun Agarwal, the named inventor of United States Patent No. 9,493,892 B2, assigned his rights in this patent to AAVN in an assignment

executed on March 15, 2018, that was recorded on April 5, 2018, in the United States Patent and Trademark Office at reel/frame 05440/0485.

12.     AAVN is also the owner of United States Patent No. 9,708,737 B2 that was filed on March 2, 2016, and issued on July 18, 2017.  This patent issued from an application that is a continuation-in-part of patent application Ser. No. 14/801,859, which is a continuation of application Ser. No. 14/185,942, that issued as United States Patent No. 9,131,790 B2.

13.     Arun Agarwal, the named inventor of United States Patent No. 9,708,737 B2, assigned his rights in this patent to AAVN in an assignment executed on March 15, 2018, that was recorded on April 5, 2018, in the United States Patent and Trademark Office at reel frame 05440/0485.

## JURISDICTION AND VENUE

14.     The Court has subject matter jurisdiction over the Section 43(a) Lanham Act claim pursuant to 28 U.S.C. § 1331, and has jurisdiction over the claims for the tortious interference with business relationships, the claim for deceptive acts and practices in violation of N.Y.G.B.L. §349, and the claim for common-law unfair competition claim pursuant to 28 U.S.C. § 1367.

15.     This Court also jurisdiction because of diversity of citizenship under 28 U.S.C. § 1332(a)(2).

16.     Venue over this action is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1), and 1391(c), because NEXT and AAVN are subject to personal jurisdiction in this judicial district and, therefore, are deemed to reside in this district.  Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL BACKGROUND

17.     United States Patent No. 9,131,790 B2 discloses and claims a woven textile fabric containing multi-filament polyester weft yarns and warp yarns made of a cotton material.

18.     In the textile industry, fabric that is made of cotton yarns and polyester yarns is sometimes called CVC fabric and products made from CVC fabric are sometimes called CVC products.

19.     The claims of United States Patent No. 9,131,790 B2 require a woven textile fabric "wherein the multi-filament polyester weft yarns are wound on the multi-pick yarn package at a type a shore hardness of between 65 to 70 to enable the simultaneous inserting of the multi-filament polyester weft yarns during the single pick insertion event of the pick insertion apparatus of the loom apparatus." The claims also require that "the multi-filament polyester weft yarns are wound on the multi-pick yarn package at an angle of between 15 and 20 degrees to enable the

simultaneous inserting of the multi-filament polyester weft yarns during the single pick insertion event of the pick insertion apparatus of the loom apparatus."

The ITC Investigation

20.     On October 1, 2015, AAVN filed a complaint in the International Trade Commission alleging that the importation into the United States of certain products identified in the complaint infringes claims 1-7 of United States Patent No. 9,131,790 B2 ("the '790 patent").  The original complaint as well as two subsequently filed amended complaints requested that the Commission institute an investigation pursuant to section 337 of the Tariff Act of 1930.

21.     AAVN attached to its complaint a public version of a Confidential Declaration of Rohan Bhatt.  Mr. Bhatt is a textile engineer who was then a product manager for Defendant NEXT.  Paragraphs 9 and 10 of that declaration say: "9. Using weft yarns that are wound at an angle of between 15 and 20 degrees is the most efficient and effective way of conveying weft yarns in a loom that is used to weave high-thread-count textile fabrics.  10. Using weft yarns that are wound at a Type A shore hardness of between 65 and 70 is the most efficient and effective way of conveying weft yarns in a loom that is used to weave high-thread-count textile fabrics."

22.     In response to the request from AAVN, the International Trade Commission instituted investigation 337-TA-3088 titled "Certain Woven Textile

Fabrics and Products Containing Same."

23.    On January 4, 2016, one of the named respondents, GHCL Ltd., filed a response to AAVN's Second Amended Complaint.  That response included sales records showing that a product made by GHCL, which AAVN had alleged met all of the requirements of claims 1-7, was on sale more than a year before the filing date of the '790 patent.

24.    The response that GHCL Ltd. filed was filed on the public record.

25.    On information and belief, Arun Agarwal received a copy of the response that GHCL Ltd. filed and saw the sales records that are included in that response.

26.    On information and belief, other respondents provided to AAVN and/or its counsel sales records that showed other products that AAVN had alleged met all of the requirements of claims 1-7 of the '790 patent were on sale before the filing date of the '790 patent.

27.    The patent laws of the United States say that "A person shall be entitled to a patent unless--(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention;" 35 U.S.C. § 102(a).

28.    The ITC proceeding is now terminated.

29.   The ITC did not make any finding concerning the validity of the '790 patent or whether the importation of any product by any of the respondents infringed the '790 patent.

Subsequently Issued Patents

30.   During the time period from the institution of the ITC investigation until March 1, 2016, Arun Agarwal learned that at least one manufacturer of woven textile products was making CVC products using yarn packages which had a winding angle and/or a type a shore hardness that was not within the range for winding angle or the range for type a shore hardness required by the claims of the '790 patent.

31.   In an attempt to obtain broader patent claims than those in the '790 patent Arun Agarwal filed patent applications having claims similar to the claims in the '790 patent but claiming ranges for the winding angle and/or the type a shore hardness that are broader than, yet include, the winding angle of between 15 and 25 degrees and the type a shore hardness of between 65 and 70 that are disclosed and claimed in the '790 patent.

32.   On March 2, 2016, Arun Agarwal filed the United States patent application from which the '737 patent issued.

33.   Claim 1 of the '737 claims a woven textile product made from multi-filament polyester weft yarns are wound on the multi-pick yarn package at an angle

of between 5 and 25 degrees.

34.    Claim 10 of the '737 claims a woven textile product made from multi-filament polyester weft yarns that are wound on the multi-pick yarn package at a type A shore hardness of between 45 to 85.

35.    On March 3, 2016, Arun Agarwal filed the United States patent application from which the '892 patent issued.

36.    Claim 1 of the '892 claims a woven textile product made from multi-filament polyester weft yarns are wound on the multi-pick yarn package at an angle of between 5 and 25 degrees.

37.    Claim 10 of the '892 claims a woven textile product made from multi-filament polyester weft yarns that are wound on the multi-pick yarn package at a type A shore hardness of between 45 to 85.

38.    On April 12, 2016, Arun Agarwal filed the United States patent application from which the '950 patent issued.

39.    Claim 1 of the '950 patent claims a woven textile fabric made from the multi-filament polyester weft yarns that are wound on the multi-pick yarn package at an angle of between 5 and 25 degrees.

40.    Claim 10 of the '950 patent claims a woven textile  fabric made from multi-filament polyester weft yarns are wound on the multi-pick yarn package at a type A shore hardness of between 45 to 85.

<u>Post-Grant Review Proceedings</u>

41.     On August 1, 2017, A.Q. Textiles LLC ("AQT") filed in the United States Patent and Trademark Office one petition that requested review of U.S. Patent No. 9,481,950 B2 ("the '950 patent") and a second petition that requested review of U.S. Patent No. 9,493,892 B2 ("the '892 patent").  These petitions asked the Patent Trial and Appeal Board ("the Board") to rule that the claims of both patents are not patentable. The Board assigned case numbers PGR2017-00041 and PGR2017-00042 to the petitions.

42.     On February 8, 2018, the Board issued decisions granting both petitions.  Those decisions said that the petitions demonstrate that more likely than not AQT will prevail in showing that at least one of the challenged claims in each of the patents is unpatentable.

43.     The decision on the petition for the '950 patent said that the evidence that the patent owner presented "does not support Agarwal's claim of priority to an effective filing date earlier than April 12, 2016."  The decision on the petition for the '892 patent found that "the evidence does not support Patent Owner's claim of priority to an effective filing date earlier than March 3, 2016."

44.     The '950 patent has a filing date of April 12, 2016.

45.     Published patent application US 2015/0047736 A1 is prior art against all claims of the '950 patent.

46.     The '892 patent has a filing date of March 3, 2016.

47.     Published patent application US 2015/0047736 A1 is prior art against all claims of the '892 patent.

48.     On January 15, 2018, AQT also filed a petition for post-grant review of United States Patent No. 9,708,737.  The Board assigned case number PGR 2018-00018 to this petition.

49.     The '737 patent has a filing date of April 12, 2016.

50.     Published patent application US 2015/0047736 A1 is prior art against all claims of the '737 patent.

51.     On March 23, 2018 AQT and AAVN filed a joint motion to terminate all three review proceedings based upon a settlement.  On March 29, 2018 the Patent Trail and Appeal Board issued a decision granting that motion.

Defendants' False Allegations

52.     J. Queen New York is one of GLOBE's customers.  J. Queen New York, has a principal place of business at 37 West 20th Street, Studio 509, New York, New York 10011.

53.     On April 10, 2018, John B. Walker Jr., Chief Financial Officer of Defendant NEXT sent a letter to J. Queen New York claiming that  J. Queen New York was selling to retailers throughout the United States  CVC products "that infringe upon AAVN's CVC Patent."  The letter also threatened to contact retailers

"about the unauthorized use of the AAVN Patent."  A copy of that letter is attached as Exhibit A.  Tony Cassella of J. Queen New York called Mr. Walker and asked him to identify the product to which his letter referred.  John Walker, the CFO of NEXT, answered in an e-mail dated April 13, 2018, that the product was 600TC CVC "purchased from Globe Cotton." (*sic.* Globe Cotyarn).  A copy of that email is attached as Exhibit B.

54.     GLOBE never sold a 600 TC (thread count) CVC product to J. Queen New York, although GLOBE has offered to sell CVC products to J. Queen New York.

55.     Since receiving the letter from John Walker, J. Queen New York has not ordered any CVC products from GLOBE.

56.     Defendants, and John Walker in particular, had no reasonable basis to believe that J. Queen New York had purchased a 600 TC CVC product from GLOBE.

57.     Defendants, and John Walker in particular, had no reasonable basis to believe that the sale in the United States of any CVC product made by GLOBE would infringe any valid patent owned by AAVN.

58.     In sending the warning letter to J. Queen New York, AAVN and NEXT acted in bad faith.

59.     On April 2018, John Walker, CFO of Defendant NEXT, sent a letter like the letter attached as Exhibit A to another GLOBE customer whose office and showroom are located in New York City.  That letter claimed that this customer's sales of CVC products to retailers in the United States infringes upon AAVN's CVC Patent.  The letter further threatened to contact retailers directly if the customer continued to sell allegedly infringing products.

60.     Defendants, and John Walker in particular, had no reasonable basis to believe that the sale in the United States of any CVC product by this customer would infringe any valid patent owned by AAVN.

61.     In sending the warning letter to this customer John Walker, AAVN, and NEXT acted in bad faith.

62.     On information and belief Defendants, Arun Agarwal, acting as an officer and of behalf of AAVN and NEXT, and John Walker have sent to other customers of GLOBE similar letters and e-mails or have orally communicated to customers of GLOBE that the sale in the United States of CVC products or a specific product or products, purchased from GLOBE, would infringe AAVN's patent or patents.

63.     Defendants, Arun Agarwal, and John Walker had no reasonable basis to believe that the sale in the United States of any CVC product made by GLOBE would infringe any valid patent owned by AAVN.

64.     In sending these warning letters and e-mails, and in making these statements to GLOBE's customers, AAVN, NEXT, Arun Agarwal, and John Walker acted in bad faith.

65.     To conclude that the importation or sale of a woven textile fabric infringes the claims of any of the '790 patent, the '950 patent, the '892 patent, or the '737 patent, one must know the winding angle of the yarns on the yarn package from which the woven textile fabric was made and the type a shore hardness of the yarn package from which the woven textile fabric was made.

66.     One can only determine the winding angle and type a shore hardness of a yarn package by inspecting or having someone inspect the yarn package.

67.     Neither AAVN, NEXT, Arun Agarwal, nor John Walker have or had any knowledge or information concerning the winding angle or the type a shore hardness of the yarn packages that GLOBE currently uses or has used to make any of its CVC products.  And neither AAVN, NEXT, Arun Agarwal, nor John Walker has ever seen a yarn package that GLOBE has used to make any of its CVC products.

68.     As a result of the bad-faith conduct described above, GLOBE has suffered damages in the form of lost sales and legal fees incurred in responding to requests from customers as well as damage to GLOBE's reputation.  On information and belief the amount of these damages will be in excess of

$75,000.00.

69.     Defendants' conduct was intended to limit the availability of CVC products available to customers in the United States to only those CVC products made or sold by AAVN, NEXT, and those who have a license with AAVN.

70.     If AAVN and NEXT are successful in so limiting the availability of CVC products to customers in the United States, consumers who buy bed sheets and other CVC products will be harmed.  They will have fewer products from which to choose and will be charged higher prices.

## COUNT I: VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

71.     GLOBE realleges and incorporates by reference paragraphs 1 through 70 of the Complaint as if set forth at length herein.

72.     AAVN and NEXT have made and are continuing to make literally false statements of fact about GLOBE's CVC products as more fully described above.  These false statements have the tendency to deceive a substantial segment of the purchasers of CVC products.

73.     Defendants' false statements are material because they are likely to influence consumers' buying decisions, limit product availability, and result in higher prices for bed sheets and other CVC products.

74.     Defendants have caused their false statements to enter interstate commerce.

75.     The foregoing acts of Defendants constitute false advertising and false representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

76.     As a direct and proximate result of these actions, GLOBE has suffered actual damages and has been and is likely to be substantially and irreparably harmed in the loss of its customer and brand goodwill.

77.     GLOBE does not have an adequate remedy at law.

78.     Because of Defendants' deliberate, willful, and bad-faith conduct, GLOBE is entitled to a determination that this is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling GLOBE to its attorneys fees and costs.

## COUNT II: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

79.     GLOBE realleges and incorporates by reference paragraphs 1 through 78 of the Complaint as if set forth at length herein.

80.     GLOBE had a business relationship with J. Queen New York at the time John Walker sent J. Queen New York the letter dated April 10, 2018, and the email dated April 13, 2018.

81.     The letter dated April 10, 2018, and the email dated April 13, 2018, that John Walker sent J. Queen New York contain false and misleading statements.

82.    Defendants knew of the business relationship between GLOBE and J. Queen New York.

83.    Defendants, through their conduct described above, interfered with that business relationship.

84.    Defendants acted with the purpose of causing J. Queen New York to not purchase CVC products from GLOBE.

85.    As a direct and proximate result of these actions, GLOBE has suffered actual damages and is likely to be substantially and irreparably harmed in the loss of its customer and brand goodwill.

86.    GLOBE had a business relationship with other customers at the time Defendants, Arun Agarwal, and John Walker warned those customers not to purchase CVC products from GLOBE.

87.    Those warnings contained false and misleading statements.

88.    Defendants knew of the business relationship between GLOBE and those customers.

89.    Defendants, through their conduct described above, interfered with that business relationship.

90.    Defendants acted with the purpose of causing those customers not to purchase CVC products for GLOBE.

91.     As a direct and proximate result of these actions, GLOBE has suffered actual damages and is likely to be substantially and irreparably harmed in the loss of its customer and brand goodwill.

## COUNT III: VIOLATION OF NEW YORK CONSUMER PROTECTION ACT, GENERAL BUSINESS LAW §349

92.     GLOBE realleges and incorporates by reference paragraphs 1 through 91 of the Complaint as if set forth at length herein.

93.     Defendants' conduct, as described above, has had and will continue to have an adverse effect on consumers by limiting the availability and selection of bed sheets and other CVC products and enabling importers and retailers to charge higher prices for these products.

94.     Defendants' statements that the sale to customers in the United States of CVC product made by GLOBE infringes AAVN's patent are false and misleading.

95.     Defendants' false and deceptive statements that the sale to customers in the United States of CVC products made by GLOBE infringes AAVN's patent is likely to lead a reasonable retailer, importer, or consumer not to purchase those products.

96.     As a direct and proximate result of these actions, GLOBE has suffered actual damages and is likely to be substantially and irreparably harmed in the loss of its customer and brand goodwill.

## COUNT IV: COMMON-LAW UNFAIR COMPETITION

97.     GLOBE realleges and incorporates by reference paragraphs 1 through 96 of the Complaint as if set forth at length herein.

98.     Defendants' conduct, as described above, constitutes unfair competition under common law.

99.     As a direct and proximate result of these actions, GLOBE has suffered actual damages and is likely to be substantially and irreparably harmed in the loss of its customer and brand goodwill.

100.    GLOBE does not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, GLOBE demands that judgment be entered in its favor and against AAVN and NEXT as follows:

(a)     Preliminarily enjoining AAVN, NEXT, their officers, directors, and employees from engaging in false advertising, from making false or deceptive statements, from unfair competition, and from interfering with GLOBE's customer relationships with respect to CVC products made by GLOBE including but not limited to (i) making statements that the sale of any woven fabric material to customers in the United States made by GLOBE infringes any patent of AAVN or Arun Agarwal and (ii) making any statement that the sale of any woven fabric material infringes any of United States Patent Nos. 9,131,790 B2, 9,481,950 B2,

9,493.892 B1 and 9,709,737 B2 as well as any patent that may issue from a related patent application.

(b)    Permanently enjoining AAVN, NEXT, their officers, directors, and employees from engaging in false advertising, from making false or deceptive statements, from unfair competition, and from interfering with GLOBE's customer relationships with respect to CVC products made by GLOBE including but not limited to (i) making statements that the sale of any woven fabric material to customers in the United States made by GLOBE infringes any patent of AAVN or Arun Agarwal and (ii) making any statement that the sale of any woven fabric material infringes any of United States Patent Nos. 9,131,790 B2, 9,481,950 B2, 9,493.892 B1 and 9,709,737 B2 as well as any patent that may issue from a related patent application.

(c)    Ordering AAVN and NEXT to send a copy of the injunction to every person and company to whom they have made any claim that the sale of any CVC product made by GLOBE infringes or would infringe any AAVN patent;

(d)    Awarding GLOBE damages for lost sales and other damages that GLOBE has suffered as a result of Defendants' conduct;

(e)    Declaring that this case is exceptional under Section 35 of the Lanham Act, 15 U.S.C. § 1117 and awarding to GLOBE its attorneys' fees and costs;

(f)     Awarding GLOBE actual or statutory damages, treble damages, and

attorneys' fees pursuant to N.Y.G.B.L. §349; and

(g)     Awarding GLOBE such other relief as the Court deems just and

proper.

**PLEASE TAKE NOTICE THAT**, pursuant to Fed. R. Civ. Pro. 38,

Plaintiff demands trial by jury on all issues so triable.

Dated:  May 11, 2018                BUCHANAN INGERSOLL & ROONEY PC

                              s/ *Christopher J. Dalton*
                              Christopher J. Dalton, Esq.
                              BUCHANAN INGERSOLL & ROONEY PC
                              550 Broad Street, Suite 810
                              Newark, New Jersey 07102

                              Lynn J. Alstadt (*pro hac vice* pending)
                              Ralph G. Fischer  (*pro hac vice* pending)
                              BUCHANAN INGERSOLL & ROONEY PC
                              One Oxford Center
                              301 Grant Street, 20th Floor
                              Pittsburgh, Pennsylvania 15219-1410

                              *Counsel for Plaintiff, Globe Cotyarn Pvt. Ltd.*

# EXHIBIT A



# N E X T T

123 Oak Lawn Ave.
Dallas, TX  75207

April 10, 2018

Ms. Julie Brady
President
J Queen New York
37 W. 20th St., # 509
New York, NY 10011

Re:    AAVN, Inc. CVC Patent Infringement

Dear Ms. Brady:

My name is John Walker and I am the Chief Financial Officer of Next Creations Holdings, LLC.
whose parent company is AAVN, Inc. I am reaching out to you today in regard to product your
company sells to retailers throughout the United States that infringe upon AAVN's CVC
Patent. Your company is not authorized to sell this CVC product and I would ask that you give
me a call at 214-673-4662 to discuss this matter further.

At this point we have not contacted any retailers about the unauthorized use of the AAVN
Patent. While it is not our desire or preference, failure to respond to this email will leave us no
choice but to contact the retailers directly on this matter as well as pursue all available legal
remedies, including reaching out to the appropriate federal and state authorities.

Sincerely,

John B. Walker, Jr.
Chief Financial Officer
Next Creations Holdings, LLC.

CC: Mr. Arun Agarwal, President and

# EXHIBIT B

**From:** John Walker [john.walker@nextt.com]
**Sent:** Friday, April 13, 2018 3:47 PM
**To:** Tony Cassella
**Cc:** John Walker
**Subject:** AAVN Patent Infringement

Tony:


Following up on our phone call from Wednesday.  One of the infringing products was purchased from Globe Cotton out of India.  The product in question is 600TC CVC.  I was told by my team that there are other infringement items besides this one.

If I need to speak with someone else in your absence, let me know.

Thanks,
John Walker
214-673-4662